Ryan A. Semerad, Esq. (WSB No. 7-6270)
FULLER & SEMERAD, LLC
242 South Grant Street
Casper, Wyoming 82601
Tel: 307-265-3455
Email: semerad@thefullerlawyers.com

*Counsel for Defendant Laura M. Means*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAURA M. MEANS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 2:26-cr-00072-ABJ** |

**DEFENDANT'S MOTION TO CONTINUE SENTENCING HEARING**

Laura M. Means, through counsel, respectfully moves the Court to vacate the sentencing hearing set for September 22, 2026, and to reset it on a date convenient to the Court on or after November 2, 2026. During conferral by Mrs. Means's counsel between September 4, 2026, and September 11, 2026, the Government expressed that it opposed this motion.

## I. NATURE AND STAGE OF THE PROCEEDING

This case involves estimated losses ranging around $2 million, depending on how the figures are calculated. The losses occurred from 2019 to 2025. The records related to these figures are voluminous and varied, including law enforcement reports, bank records, QuickBooks ledgers, and handwritten notes. Some are final; some are tentative or preliminary.

Mrs. Means pleaded guilty pursuant to a written plea agreement on July 16, 2026, *see* ECF No. 8, and the Court set sentencing for September 22, 2026, *see* ECF No. 12. The United States

Probation Office filed the Presentence Investigation Report on August 31, 2026—twenty-two days before the scheduled sentencing hearing. *See* ECF No. 14.

The calendar that follows from the filing of the PSR twenty-two days before sentencing is compressed. Objections to the report are due September 14, 2026. L.Cr.R. 32.1(d). The probation officer must submit the report and an addendum stating any unresolved objections to the Court by September 15, 2026. L.Cr.R. 32.1(g). Sentencing memoranda are due September 17, 2026. L.Cr.R. 32.1(l).

Undersigned counsel wrote a letter to the Government on September 4, 2026, setting out the defense's objections to the loss calculation and to the sophisticated-means enhancement in the PSR, requesting the records or documentary evidence underlying the Government's loss schedule, and proposing that the parties move jointly to continue. Counsel supplemented that letter by emails on September 10, 2026, identifying an additional item included in loss that the defense contends never passed through the victim business. The Government responded by email on September 11, 2026, and advised that it opposes a continuance.

## II. ISSUES PRESENTED AND STANDARD OF REVIEW

Two issues are presented.[1] First, whether good cause exists to continue the sentencing hearing where the presentence report was filed thirteen days inside the minimum period prescribed by Federal Rule of Criminal Procedure 32(e)(2) and Local Rule 32.1(d), and where material disputes concerning relevant-conduct loss, restitution, and tax loss remain unresolved. Second, whether additional time is necessary to permit the Court to make, on an adequate record, the findings Federal Rule of Criminal Procedure 32(i)(3)(B) and Local Rule 32.1(i) require before sentence is imposed.

[1] *See* Judge Alan B. Johnson Court Procedures (July 10, 2013) at 7.E(2).

As to the first issue, the standard is the Court's own discretion. "A sentencing court has broad discretion respecting the scheduling of sentencing procedures." *United States v. Garcia*, 78 F.3d 1457, 1467 (10th Cir. 1996). The Government's opposition does not narrow that discretion because "the prosecution's role in sentencing is strictly advisory." *Id.* at 1462. Nor would its agreement have enlarged the discretion, because agreements among counsel for continuances are not binding on the Court. *See* Court Procedures for Judge Johnson § 3(A). Federal Rule of Criminal Procedure 32(b)(2) authorizes the Court to change any time limit prescribed by Rule 32 for good cause.

As to the second issue, the standard is accuracy, and it is not discretionary. The Court must rule on each disputed matter or determine that a ruling is unnecessary, Fed. R. Crim. P. 32(i)(3)(B), and Local Rule 32.1(i) requires those rulings before sentence is imposed. The Court is not bound by the parties' stipulations in making them. U.S.S.G. § 6B1.4(d). The Guidelines range is "the starting point and the initial benchmark" for the sentence that follows, *Gall v. United States*, 552 U.S. 38, 49 (2007), and a miscalculation of that range is "significant procedural error," *id.* at 51. In this Circuit, "[a]ny error in the Guidelines calculation renders a sentence procedurally unreasonable and, if the error is not harmless, requires remand." *United States v. Scott*, 529 F.3d 1290, 1300 (10th Cir. 2008).

## III. ARGUMENT

### A. The PSR's filing date has left no room for the objection-resolution process that Rule 32 and Local Rule 32.1 contemplate.

Federal Rule of Criminal Procedure 32(e)(2) requires that the presentence report be given to the defendant "at least" thirty-five days before sentencing unless the defendant waives that minimum period. Local Rule 32.1(d) sets the same floor and provides that the report "shall be

deemed to have been disclosed when a copy of the report is filed in the Court's electronic filing system, CM/ECF." The report was filed, and so disclosed, on August 31, 2026—twenty-two days before the scheduled hearing, and thirteen days inside the minimum. Mrs. Means has not waived the minimum period.

The consequence is not formal. The rules governing the "minimum required notice" for PSRs assume a sequence: a report is filed no fewer than 35 days before a sentencing hearing, Fed. R. Crim. P. 32(e)(2), objections are filed "[w]ithin 14 days after receiving" the PSR, Fed. R. Crim. P. 32(f)(1), the probation officer "shall conduct any further investigation necessary and make appropriate revisions to the presentence report," L.Cr.R. 32.1(f), and the officer then submits a revised report with an addendum fairly stating what remains in dispute, L.Cr.R. 32.1(g). On this calendar, objections are due September 14 and the addendum is due September 15. One day is not enough time for a probation officer to investigate a seven-figure loss dispute given the volume of relevant materials and, perhaps, outstanding materials not yet in the possession of Mrs. Means, her counsel, the Government, or the probation officer.

The defense will file timely objections regardless. But the mechanism the rules build to narrow those objections before the hearing cannot function on this schedule.

**B. The disputed matters are ones the Court itself must resolve, and the record is not yet adequate to resolve them.**

The defense's objections are factual, not characterological. The loss figure in the PSR aggregates two separately compiled data sets—a bank-deposit schedule assembled to compute unreported income and separately compiled payroll and ledger categories—without reconciling the overlap between them. Deposits that the FBI's own summary and the report itself treat as authorized contractor compensation appear inside the loss total. At least one category of payments

is counted twice. And one item counted as loss consists of a federal student-loan disbursement made to Mrs. Means by check from the college her child was attending as the parent-borrower, money that never passed through the victim business at all. The defense has asked the Government for the records underlying its loss-calculation schedule and for the instrument and deposit records supporting that last item. At this time, the defense believes it does not have all of them.

The time sought would be used, not merely awaited. Mrs. Means asks for it so that four things can happen before the Court is asked to make findings. First, the Government can finish reviewing the September 4 letter and the calculations it encloses. Counsel for the Government advised undersigned counsel during conferral that she was outside the district this week handling another docket, that she had not yet completed that review, and that she would revisit her position once she had. Second, the Government can produce any other records that support its loss schedule, including any records that postdate the analysis on which the schedule rests. Counsel for the Government advised that the only FD-302 report prepared by the FBI the Government disclosed in discovery was prepared before the Government received records from Wells Fargo. Third, the parties can take up with the probation officer the difference between the restitution figure in the report and the figure the Government advances, a difference counsel for the Government has directed the defense to raise with Probation. Fourth, the probation officer can complete the investigation and revision Local Rule 32.1(f) contemplates following the submission of timely objections by either party and issue an addendum stating what actually remains in dispute.

None of this depends on the Government conceding anything. Counsel for the Government has advised that if the tax loss or restitution figures contemplated by the parties' Plea Agreement, ECF No. 2, were calculated in error, the Government would not hold Mrs. Means to them. The

question is therefore not whether these numbers matter. It is whether there is time to test them. On the current calendar there is not.

These are not disputes the parties can resolve by agreement, and the Court would not be bound if they tried. U.S.S.G. § 6B1.4(d). The sentencing judge "remains ultimately responsible for determining the facts and must establish the relevant facts even if all the parties argue to the contrary." *Garcia*, 78 F.3d at 1462 n.6. Federal Rule of Criminal Procedure 32(i)(3)(B) requires the Court to rule on each disputed matter or determine that a ruling is unnecessary, and Local Rule 32.1(i) requires those rulings before sentence is imposed. Restitution compounds the problem, because the figure the Court enters will follow Mrs. Means for twenty years and must rest on findings, not on an unreconciled aggregate.

*Garcia* shows what resolving this kind of dispute costs in time. There the stipulated drug quantity did not match the presentence report, and the district judge held hearings on three days and examined the informants himself before he could make findings, which the Tenth Circuit affirmed. *Id.* at 1461–63. A contested loss determination is the kind of work a sentencing court must be given room to do.

### C. The plea agreement already contemplates a continuance for precisely this purpose.

Paragraph 19(g) of the plea agreement, *see* ECF No. 2 at 10, contemplates a continuance of sentencing to permit a financial investigation bearing on restitution, and Mrs. Means agreed not to oppose one. The parties thus anticipated, in writing, that this date might move for this category of reason. Mrs. Means asks now for the relief the Plea Agreement contemplated the Government seeking, on the same subject matter, and she asks for it before the hearing rather than at its close.

That distinction matters under *Garcia*, where the Tenth Circuit affirmed the denial of a continuance because the defendant sat on the opportunity to develop the record and moved only "at such a late stage in the proceedings." 78 F.3d at 1467. The governing test is whether denial was "arbitrary" and "substantially impaired the defendant's opportunity to secure a fair sentence." *Id.* (quoting *United States v. Booth*, 996 F.2d 1395, 1397 (2d Cir. 1993)). Mrs. Means raised these issues with the Government four days after receiving the PSR and is raising them with the Court eleven days before the hearing—the same day the Government supplied its response to Mrs. Means's effort to confer.

**D. A continuance would also place the sentencing under the Manual in effect on the date of sentencing.**

The defense states this ground plainly rather than leave it to be raised against her. The Court applies the Guidelines Manual in effect on the date of sentencing. 18 U.S.C. § 3553(a)(4)(A)(ii); U.S.S.G. § 1B1.11(a). On April 30, 2026, the Sentencing Commission submitted amendments to Congress with a specified effective date of November 1, 2026. *See* 91 Fed. Reg. 24088 (May 4, 2026). Two bear on this case. The first adjusts the § 2B1.1(b)(1) loss table for inflation, raising the threshold for a fourteen-level increase from $550,000 to $750,000 and the threshold for a sixteen-level increase from $1,500,000 to $2,000,000. *Id.* at 24091–92. The second strikes §§ 3D1.1 through 3D1.5 and replaces the multiple-count rules with a single guideline. *Id.* at 24101. Under the amended Manual, Mrs. Means's total offense level appears to be 20 rather than 23.

The Commission's stated reason matters here because it is a judgment about culpability rather than an exercise in arithmetic. The monetary tables were last adjusted in 2015. The Commission concluded that, because of inflation since 2014, equivalent dollar losses in current

offenses reflect a lower degree of harm and culpability than they did when those thresholds were last adjusted. 91 Fed. Reg. at 24094–95. The conduct charged here began in February 2019.

Mrs. Means does not ask the Court to move the date to reach that result, and she would not seek a continuance on that basis alone. But if the date moves for the reasons above, § 1B1.11(a) supplies the Manual by operation of law, and the parties should be prepared to brief the case under it. Mrs. Means has separately given notice that she will otherwise seek a variance to the same effect under § 3553(a)—a request this Court may grant or deny on September 22 without changing the calendar at all. The two are alternative routes to the same sentencing range. Only one of them requires the Court to exercise discretion over the sentence itself.

### E. The Government's objection to sentencing under the November 1 Manual is backwards.

The Government indicated in its response to undersigned counsel's conferral efforts that it may argue the converse of Part D—that Mrs. Means should not receive the benefit of November 2026 reductions for conduct committed between 2019 and 2025. The premise is inverted. The amendment is not a reduction in the Commission's assessment of fraud. It is an inflation adjustment, and the Commission said so. The thresholds were last set in 2015 on the basis of purchasing power in 2014, and the Commission concluded that equivalent dollar amounts in current offenses reflect a lower degree of harm and culpability than they did when those figures were fixed. 91 Fed. Reg. at 24094–95.

Every dollar at issue here is a post-2014 dollar. Measuring this loss against thresholds calibrated to 2014 does not hold Mrs. Means to the standard that governed her conduct. It holds her to a standard that predates all of it, and it overstates the real magnitude of the loss relative to a

defendant sentenced in 2015 on an identical real-dollar figure. The disparity the Government warns about is smaller than the one already built into the current table.

The defense does not claim that either table is a perfect instrument for conduct spanning 2019 through 2025. The 2025 calibration is exact as to the later conduct and generous as to the earliest. But the imprecision runs in both directions, and the Government cannot aggregate every year of alleged loss into a single nominal figure for the loss table and then object that a single deflator is too blunt an instrument. If year-by-year precision is what fairness requires, it is required on both sides of the calculation.

The Commission addressed the timing concern directly—and not in the Government's favor. It wrote express instructions into §§ 5E1.2(h)(2) and 8C2.4(e)(2) preserving the prior fine tables for offenses committed before November 1, 2026. *Id.* at 24094. It wrote no such instruction for the loss table in § 2B1.1(b)(1) or the tax table in § 2T4.1. Where the Commission wanted pre-amendment conduct carved out, it said so. In any event, § 1B1.11(a) is not an equitable doctrine that the Court applies or withholds. If sentence is imposed after November 1, the amended Manual governs.

**F. No party is prejudiced by a reset.**

There is no trial setting to protect, no witness whose availability is at risk, and no statutory deadline a reset would disturb. Restitution is not diminished by delay because interest runs from entry of judgment. 18 U.S.C. § 3612(f). Mrs. Means requests this continuance herself and accepts its consequences.

The Government reports that a member of the victim's family would travel from Oregon to attend. That concern is legitimate and Mrs. Means does not intend to minimize it. She asks only that the Court fix the reset date at the time it grants this motion so that travel is arranged once

rather than twice, and she will not oppose any accommodation the Court or the Government thinks appropriate for victim participation, including participation by video or telephone. 18 U.S.C. § 3771(b)(1). The right the statute secures is to proceedings free from unreasonable delay. 18 U.S.C. § 3771(a)(7). A continuance sought to make the restitution figure accurate is not unreasonable delay, and accuracy in that figure is what determines what the victim actually recovers.

The concern the Government raises sounds in Federal Rule of Criminal Procedure 32(b)(1), which directs the Court to impose sentence "without unnecessary delay." The rule says unnecessary, not any. Rule 32(b)(2) permits the Court to change the time limits the rule prescribes for good cause, and the same Rule 32 that commands promptness commands the Court to resolve each disputed matter before sentence is imposed. Fed. R. Crim. P. 32(i)(3)(B). Time taken to make the findings the rule requires is not delay the rule forbids. A continuance now is also less costly to every participant, the victim included, than a remand later. *Scott*, 529 F.3d at 1300.

## IV. CERTIFICATE OF CONFERRAL

Under L.Cr.R. 47.1(b), undersigned counsel states that he conferred with Assistant United States Attorney Margaret M. Vierbuchen regarding the relief sought in this motion by letter dated September 4, 2026, and by emails on September 10, 2026. The Government advised by email on September 11, 2026, that it opposes this motion.

## V. CONCLUSION

Mrs. Means respectfully asks the Court to vacate the sentencing hearing set for September 22, 2026, and to reset the hearing on a date convenient to the Court on or after November 2, 2026 (November 1, 2026, is a Sunday).

DATED this 11th day of September, 2026.

FULLER & SEMERAD, LLC

By: /s/ Ryan Semerad

Ryan Semerad, WSB No. 7-6270
242 South Grant Street
Casper, Wyoming 82601
(307) 265-3455
ryan@fullerandsemerad.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Margaret M. Vierbuchen
Assistant United States Attorney
District of Wyoming

/s/ Ryan Semerad
Ryan Semerad